The opinion of the Court was delivered by
MüNRO, J,
In this case, two issues are presented by the pleadings, both of which arise out of the defendant’s rejoinder to the plaintiff’s replication; one of which is an issue of law arising under a demurrer, and which the plaintiff insists, in his first ground of appeal, should have been sustained by the Circuit Judge. The other is an issue of fact, which having been resolved by the jury in favor of the defendant, the plaintiff now moves for a new trial, on the ground, that the verdict was directly contrary to the evidence, and against the charge of the Circuit Judge.
As the solution of both these questions depend upon the provisions of the fourth Section of the Prison Bounds’ Act of 1883, 6 Stat. 493, it is proper I should refer to it at once; it is as follows:—
“ In all cases where a prisoner applies for the benefit of the Prison Bounds’ Act, the Judge, or Commissioner, before whom the application shall be made, shall not discharge him from his confinement until the property contained in his schedule, is produced and delivered up to the assignee of such prisoner, if it has been within the power of the prisoner to deliver up the same since his arrest.”
To the declaration the defendant pleaded performance generally, to which the plaintiff replied by assigning two breaches, one of which is, “that the principal, Miles A. Biley, had departed from the prison bounds, (the limits of the Judicial District.”) To this the defendant rejoined, “that the said *90 Miles’ goods were in Beaufort District, and that he was compelled to leave the bounds, to deliver them.” To this the plaintiff demurred, and the defendant joined in the demurrer, so that the question presented by this state of the pleadings is, whether the rejoinder is a legal answer to the breach assigned in the replication.
In 1 Chitty’s PI. 651, it is said, “A rejoinder is the defendant’s answer to the replication, and is governed by the same rules as those which apply to pleas, with this additional quality, that it must support, and not depart from the plea” — and at page 644, it is said: — “ A departure in pleading is said to be, when a party quits, or departs from the case, or defence which he has first made, and has recourse to another; it occurs when the replication or rejoinder contains matter not pursuant to the declaration or plea, &c., and which does not support and fortify it. A departure may be either in the substance of the action, or in the defence, or in the law upon which it is founded.”
Assuming the prison bounds’ bond to have been drawn in conformity with the requirements of the Act of 1838, and testing the matter set forth in the rejoinder by the rule laid down in Ohitty, it is clearly obnoxious to the charge of a departure from the defence set forth in the plea of performance, both as regards the facts, as also the law upon which it is founded; for conceding the property contained in the prisoner’s schedule to have been in another district, it was never-less constructively in his possession, and as completely subject to his control, as if it had been in the District of his confinement. This being the case, it was his imperative duty to have had it transferred to the latter place, and ready to be delivered, to the assignee in compliance with the condition of his bond, and the requirements of the law. It moreover appears, that ample time had elapsed between his arrest and his discharge to have enabled him to do so. Certain it is, no valid excuse *91 bas been fuxnisbed by bim for bis failure, and least of all for bis departure from tbe prison bounds.
Had tbe prisoner been an applicant for tbe benefit of tbe Insolvent Debtors’ Act, bis departure from’ tbe bounds before tbe delivery of tbe assigned estate, might not bave amounted to a forfeiture of bis bond, under tbe Act of 1841; but that Act applies exclusively to tbe Insolvent Debtors’ Act; see tbe construction given to it, in tbe case of Adams v. McMullan, 4 Rich. 9. But tbe explicit language of tbe Act of 1833, admits of no sucb construction; tbe condition of pre-delivery of tbé assigned estate being imperative, unless tbe prisoner can clearly bring bimself within tbe exception in tbe Act— this not having been done in tbe case before us, tbe plaintiff’s demurrer to tbe rejoinder must be sustained.
In reference to tbe other breach assigned in tbe replication, and upon which issue bas been taken, it is sufficient to remark, that a readiness and willingness to deliver to tbe assignee, tbe property contained in tbe schedule, is not, as we bave seen, a compliance with tbe requisitions of tbe law; there must be an actual delivery, or that which is equivalent thereto; tbe allegation in tbe rejoinder, that tbe assignee assented to tbe property being left at a place agreed upon between him and tbe prisoner, was by no means sustained by tbe proof.
To say nothing of tbe fact, of the prisoner’s having since bis departure from tbe bounds, collected a part of tbe assigned estate, and paid it over to tbe defendant; tbe verdict of tbe jury is in all other respects, so contrary to tbe evidence, and so palpably in tbe face of tbe law, that the plaintiff’s motion for a new trial must be granted — and it is so ordered.
O’Neall, Waedlaw, Withees, Whitnee and G-lovee» JJ., concurred.
Motion granted.'